PABLO HERNÁNDEZ PACHECO, demandante y peticionario, *v.* [MARCELINO] FLORES RODRÍGUEZ, JUEZ DE DISTRITO, demandado y recurrido.

*Número:* O-76-186          *Resuelto:* 16 de septiembre de 1976

*Ramón Antonio Hernández Feliciano,* abogado del peticionario; *Miriam Naveira de Rodón, Procuradora General,* y *Mario L. Paniagua, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El acusado recurrente fue uno de dos conductores envueltos en choque entre automóviles el 10 de junio de 1975. Ese mismo día el policía Ramón Berlingeri hizo la investigación y dio al acusado Hernández Pacheco una nota informal para que compareciera al Cuartel de la Policía de Río Piedras el 18 de junio siguiente, fecha en que habría de someter el caso a un magistrado para determinación de causa. El acusado se personó con su abogado al Cuartel ese día, mas no así los testigos, por lo que el policía no sometió el caso. Ocho meses después, el 18 de febrero de 1976, previa cita al acusado, el juez Flores Rodríguez del Tribunal de Distrito (Río Piedras) desestimó la solicitud del acusado para que se archivara el caso invocando su derecho a juicio rápido que alega anulado por haber transcurrido más de 60 días desde que se le citó por primera vez sin haberse presentado denuncia (Regla 64(n)(2)); y dicho magistrado encontró causa probable y ordenó denuncia por infracción al Art. 5-201 de la Ley de Tránsito, dejando al acusado en libertad sin fianza hasta el día del juicio. Acudió éste en *certiorari* al Tribunal Superior (San Juan) que el 14 de abril de 1976 confirmó lo actuado por el juez de distrito y devolvió los autos a instancia para vista del juicio.(¹) Contra esta última resolución ha recurrido el acusado mediante *certiorari* cuya solicitud ha rebatido el Procurador General con fundamentado informe. En

---

(¹)El Tribunal Superior correctamente estimó la denuncia presentada dentro del término prescriptivo de un año. Art. 78(b) Código Penal, 1974 (33 L.P.R.A. sec. 3412(b)).

conocimiento el tribunal de la posición de las partes, nos hallamos en condición de resolver por la vía expedita de la Regla 50 de nuestro Reglamento. Se expide el auto, pues se justifica una plena consideración de la cuestión suscitada a la luz del orden procesal impuesto por las Reglas de Procedimiento Criminal y del aspecto funcional del juicio rápido según administrado por los tribunales.

La Regla 64 de Procedimiento Criminal, en cuanto concierne a este caso, dispone:

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

.   .   .   .   .   .   .   .

(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:

.   .   .   .   .   .   .   .

(2) Que no se presentó acusación o denuncia contra el acusado dentro de los sesenta días de *su arresto o citación.*" (Bastardillas nuestras.)

Toda vez que el acusado recurrente no fue arrestado, toca decidir si el papel dejado por el policía en poder del acusado tiene el valor conminatorio, de obediencia compulsoria que caracteriza la citación autorizada como alternativa del arresto por la Regla 7(a) de Procedimiento Criminal. La "cita" dada por el policía Berlingeri al acusado consiste de una hoja rasgada de una libreta pequeña que tiene como único texto el siguiente: "Pase el día 18 de junio 1975 hora 1 Pm. al Cuartel Policía Río Piedras vea Pol. Berlingeri 4106 someter caso." Carece de firma y de todo signo impreso de autenticidad oficial. Incumple los requisitos de la citación que autoriza la citada Regla 7(a) (²) que faculta

---

(²) En lo pertinente, ordena la Regla 7(a) de Procedimiento Criminal:
"(a) Citación. .   .   .   .   .   .   .   .

al funcionario de orden público (en determinados casos) para "citar por escrito y bajo su firma a la persona para que comparezca ante un magistrado", añadiendo que "la citación informará a la persona que si no compareciere se expedirá una orden de arresto en su contra." El policía está facultado para expedir esta citación como alternativa al arresto y en casos menos graves (*misdemeanors*) cuando pudiere arrestar sin orden de un magistrado (RPC(a)); *cf. Pueblo* v. *Tribunal Superior*, 104 D.P.R. 363 (1975). La Regla 11([3]) de Procedimiento Criminal lo autoriza a arrestar sin orden de magistrado únicamente cuando tuviere motivos fundados para creer que la persona ha cometido un delito en su presencia. Los hechos presentan al policía constituyéndose en el lugar del accidente a investigarlo,([4]) luego no tuvo suficiente percepción directa del accidente en qué basar creencia fundada de que el acusado había cometido un delito en su presencia. Faltando esos motivos fundados, no podía arrestarlo, pues se trata de un *misdemeanor* y no tenía orden de arresto consigo. Tampoco, como hemos visto, podía expedir citación válida en sustitución del arresto. Optó el policía por *invitar* al acusado al Cuartel el 18 de junio para someter el caso. Al entregarle tal citación sui géneris le daba al acusado

---

*En aquellos casos en que un funcionario del orden público pudiere arrestar sin orden de un magistrado*, dicho agente, si se tratare de un delito menos grave (*misdemeanor*), podrá citar por escrito y bajo su firma a la persona para que comparezca ante un magistrado, en vez de arrestarla. La citación informará a la persona que si no compareciere se expedirá una orden de arresto en su contra." (Bastardillas nuestras.)

([3]) Regla 11 de Procedimiento Criminal.—"Un funcionario del orden público podrá hacer un arresto sin la orden correspondiente:

"(a) Cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia. En este caso deberá hacerse el arresto inmediatamente o dentro de un término razonable después de la comisión del delito. De lo contrario, el funcionario deberá solicitar que se expida una orden de arresto."

([4]) Así lo admite el recurrente a la pág. 2 de su petición de *certiorari* y lo corrobora la denuncia por infracción a la Sec. 5-201, Ley de Tránsito que jura el Pol. Berlingeri "por investigación."

oportunidad de estar presente en la vista sobre determinación de causa (RPC 6) y tiempo para gestionar fianza ante la posibilidad de que se ordenara su arresto. Fue un recurso irregular, pero práctico, redundante en beneficio del acusado frustrado por la ausencia dicho día de los testigos de cargo. No están comprendidas en dicha actuación, ni la privación de libertad física que conlleva el arresto, ni la efectiva intervención con la libertad derivada de una citación formal, firmada, compeliendo la comparecencia bajo prevención de arresto, por lo que carece de eficacia dentro del debido proceso de ley, como punto de partida en el procedimiento criminal. Para realizar su propósito, un sistema de justicia penal requiere un grado de formalidad, de certeza y de orden en sus procedimientos y de ahí las exigencias mínimas para la citación dictadas por la Regla 7(a) de Procedimiento. La nota informal dejada al recurrente por el policía Berlingeri que tiene el concepto de "invitación", no es la citación que pone en marcha el término de sesenta días para presentar la acusación.

El derecho a juicio rápido, garantizado por el Art. II, Sec. 11 de la Constitución de Puerto Rico, se cumple en reglas procesales, en la realidad vital y en la función práctica de día a día del sistema de justicia criminal. Hemos resuelto que la demora indebida en los procedimientos anteriores a la acusación contraviene ese derecho. *Pueblo* v. *Opio Opio*, 104 D.P.R. 165 (1975). Pero tanto los derechos del acusado, como los de la sociedad interesada en juzgarlo, no son prisioneros de la tiesa aritmética de la regla. Hay elementos de justa causa para la demora que reconcilian el derecho a juicio rápido con las circunstancias reales de cada caso y los derechos del acusado han de atemperarse a la administración práctica de justicia. *Beavers* v. *Haubert*, 198 U.S. 77 (1905). La garantía constitucional es importante salvaguardia que evita el encarcelamiento indebido y opresivo anterior al juicio; minimiza la ansiedad y preocupación que conlleva una

acusación pública; y reduce la posibilidad de que una larga tardanza menoscabe los medios de defensa del acusado. *United States* v. *Ewell*, 383 U.S. 116 (1966). Si la demora en la prosecución del caso llega al punto de privación inconstitucional de derechos, es cuestión que depende de las circunstancias. Queda excluida como justa causa aquella demora intencional u opresiva. *Pollard* v. *United States*, 352 U.S. 354 (1957). Contrapuestos a esta doctrina, los hechos en que funda el recurrente su reclamo no acusan erosión de su derecho constitucional a juicio rápido.

*La sentencia del Tribunal Superior denegando certiorari, ha de ser confirmada.*

El Juez Presidente Señor Trías Monge concurre en el resultado.