López Vilanova, Juez Ponente
*631 TEXTO COMPLETO DE LA SENTENCIA
El 5 de agosto de 2004 se refirió a este Panel el recurso de epígrafe, el cual se presentó ante este Tribunal el 23 de junio de 2004. El peticionario recurre de una Resolución dictada por el Tribunal de Primera Instancia, Sala de San Sebastián, que denegó la Moción de Desestimación presentada por éste. El peticionario reclama que fue intervenido por la policía el 30 de noviembre de 2003 y el Estado sometió el caso a determinación de causa el 17 de marzo de 2004. Evaluado el escrito, ordenamos la comparecencia del Procurador General. Luego de concedido el término de prórroga solicitado por éste, se sometió su escrito. Procedemos a resolver.
I
La controversia del recurso ante nos gira en tomo a la figura de la citación en sustitución al arresto, recogida en la Regla 7 de las de Procedimiento Criminal, vis a vis, la Regla 11 de dicho cuerpo de Reglas, que faculta a un funcionario del orden público a arrestar sin una orden previa expedida por un magistrado. El examen de ambas disposiciones es necesario a los fines de resolver si se violó, como se reclama, el derecho a un rápido enjuiciamiento. Veamos los hechos que la originan.
El 30 de noviembre de 2003, el aquí peticionario Wilfredo Acevedo Irizarry tuvo un accidente de tránsito en la Carretera 447, km. 3.0 del Barrio Abonito Guerrero de San Sebastián. La Policía Municipal indicó en el Informe de Accidente que Acevedo Irizarry conducía en “aparente estado de embriaguez”. (Informe del Incidente, Anejo I de El Pueblo). Según se desprende del referido informe, tanto Irizarry Acevedo como la persona que conducía el otro vehículo involucrado en el accidente, fueron llevados a la Clínica Rodríguez y fueron atendidos por un médico que le diagnosticó traumas y los refirió a sus respectivas residencias. A Irizarry Acevedo se le realizó la prueba de alcohol en la sangre en la antedicha Clínica y la muestra fue enviada a un laboratorio para el análisis correspondiente. Id. De ese informe no se desprende que Irizarry Acevedo fuera arrestado ese día, contrario a lo alegado en su petición de Certiorari.
En esa fecha, 30 de noviembre de 2003, la Policía Municipal le entregó a Irizarry Acevedo un papel pequeño, a manuscrito, sin firmar, en donde el policía escribió su nombre, número de placa y teléfono; hizo referencia al número de querella o incidente; e incluyó la descripción básica de un vehículo, aparentemente de uno de los involucrados en el accidente (Anejo I de la parte peticionaria, Apéndice del Certiorari, pág. 3). Igualmente, en dicho papel se anotó la fecha del 17 de diciembre de 2003. Del informe de accidente se desprende que para esa fecha el policía municipal “citó” al peticionario.
Según alega el peticionario en su escrito, el 17 de diciembre de 2003 no se pudo someter el caso porque no había juez y el informe toxicológico no estaba disponible. Petición de Certiorari, pág. 2. También argumenta que se le dio un “nuevo señalamiento para el 24 de diciembre de 2003”. Id. El peticionario no aneja a su recurso ninguna citación u otra evidencia de ese señalamiento para el 24 de diciembre de 2003.
Lo que sí se desprende del apéndice del recurso, es que el 5 de febrero de 2004 se le entregó al peticionario Acevedo Irizarry una “citación oficial”, como él mismo le llama, para que compareciera ante el Cuartel de la Policía Municipal de San Sebastián el 6 de febrero de 2004, a las 2:00 p.m. Petición de Certiorari, pág. 2; Citación de 5 de febrero de 2004, Apéndice del Certiorari, pág. 4. Expone el peticionario que el 6 de febrero de 2004 no se pudo someter el caso, aunque no expone las .razones para ello.
*632 El peticionario indica que el 7 de febrero de 2004 se le entregó otra citación para el 27 de febrero de 2004, fecha en que tampoco se pudo someter el caso. No expone porqué razones no se sometió el caso en esa fecha.
El 17 de marzo de 2004, se presentó la correspondiente denuncia contra el aquí peticionario Acevedo Irizarry, por alegada violación al Artículo 7.02 de la Ley Núm. 22 de 7 de enero de 2000, mejor conocida como la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. see. 5202. En esa fecha, el tribunal encontró causa probable para el arresto y citó al acusado para el acto del juicio.
El 5 de abril de 2004, Acevedo Irizarry presentó ante el Tribunal de Primera Instancia una moción de desestimación, al amparo de la Regla 64(n)(2) de Procedimiento Criminal, supra. Fundamentó la moción en que el agente investigador lo citó en varias ocasiones, pero no se sometió el caso, sino hasta el 17 de marzo de 2004, luego de ciento siete (107) días desde que ‘‘Juera arrestado y citado”. Apéndice del Certiorari, pág. 9.
En esa misma fecha, 5 de abril de 2004, la representación legal de Acevedo Irizarry solicitó que se transfiriera el acto del juicio para el 20 y 22 de abril o para el 1 de junio de 2004. (Anejo II de la parte recurrida).
El 6 de abril de 2004 notificada el 7 de abril de 2004, el Tribunal de Primera Instancia dictó una resolución en la cual re-señaló el acto del juicio para el 3 de junio de 2004. Dicha tardanza en la celebración del juicio se le adjudicó a la defensa. En cuanto a la moción de desestimación presentada por dicha parte, el tribunal le concedió quince (15) días al Ministerio Público para que replicara a la misma. (Anejo III de la parte recurrida). El Tribunal de Primera Instancia se reafirmó en esas directrices en un señalamiento habido el 13 de abril de 2004. (Anejo IV de la parte recurrida).
Llamado el caso para juicio el 3 de junio de 2004 la defensa de Irizarry Acevedo reprodujo la solicitud de desestimación al amparo de la Regla 64(n) de Procedimiento Criminal. También argumentó que procedía la desestimación del caso, ya que el Ministerio Público no replicó a la antedicha moción de desestimación según lo solicitado por el tribunal. Escuchadas las partes, el tribunal resolvió lo siguiente:

El Tribunal está obligado a resolver planteamientos de derecho sin entender que la dejadez del Ministerio Público sea una camisa de fuerza que le impida al tribunal expresar doctrinas de derecho .reconocidas. Aun cuando el fiscal no haya replicado, se estaría declarando no ha lugar a la moción del Ledo. Vélez.

El Tribunal destaca que los términos para la celebración del juicio y para las protecciones de la Regla 64, comenzaron formalmente el 17 de marzo dé 2004. Que para esa fecha del 17 de marzo, el delito no había prescrito y que salvo que la defensa, en su momento, plantee indefensión o violaciones del debido proceso de ley constitucionales, el caso se continuará viendo. ” Minuta-Resolución, pág. 2; Apéndice del Certiorari, pág. 2.
Así las cosas, el foro recurrido permitió la enmienda a la denuncia para que imputara .18% de alcohol en la sangre, y re-señaló el caso para el 8 de julio de 2004, dado que el Ministerio Público solicitó que se incluyeran como testigos a dos personas: la enfermera Monserrate, quien trabaja en la Clínica del Dr. Rodríguez y la Sra. Mayra Boneta, quien realizó los análisis químicos.
Es de ese dictamen que se recurre ante nos mediante los siguientes señalamientos de error:

“Erró el Honorable Tribunal de Instancia al no desestimar la causa fundada en la Regla 64(n)(2) de Procedimiento Criminal por el hecho de haber pasado en exceso los sesenta días que dispone la Regla sin que el Ministerio Fiscal diera excusa alguna para tal dilación.

*633
Erró el Honorable Tribunal de Instancia en ño desestimar ante la dilación innecesaria por el Ministerio Fiscal para contestar la Orden que se notificara el 7 de abril de 2004 en donde le concedió quince días para que replicara.

Erró el Honorable Tribunal de Instancia al declarar con lugar la moción de suspensión al Ministerio Fiscal sin que adujera razón alguna por la cual no estaba preparado para entrar de lleno a ver el proceso en su fondo. ”

Examinemos su reclamo.
II
El Artículo II, Sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico garantiza a todo acusado el derecho a ser juzgado rápidamente: No obstante, el derecho ajuicio rápido no es uno que le compete sólo al acusado, sino también a toda la sociedad. Pueblo v. Cartagena Fuentes, Opinión de 11 de octubre de 2000, 2000 J.T.S. 163; Pueblo v. López Rodríguez, 118 D.P.R. 515, 528 (1987).
El derecho ajuicio rápido no se limita al acto del juicio propiamente, sino que se extiende a todas las etapas en progresión gradual desde la imputación inicial del delito. Pueblo v. Rivera Colón, 119 D.P.R. 315 (1987); Pueblo v. Opio Opio, 104 D.P.R. 165 (1975).
En las causas criminales, el derecho a juicio rápido no cobra vigencia hasta que el imputado de delito es detenido o está sujeto a responder (“held to answer”). Pueblo v. Rivera Tirado, 117 D.P.R. 419, 431 (1986). Es decir, una persona queda detenida o sujeta a responder cuando está obligada a contestar una acusación o denuncia o expuesta a ser convicta. Pueblo v. Candelaria Vargas, 148 D.P.R. 591 (1999).
En Pueblo v. Miró González, 133 D.P.R. 813, 820-821 (1993), el Tribunal Supremo resolvió que:

“...el ciudadano queda ‘sujeto a resolver’ (held to answer) por la comisión de un delito en el momento en que un juez determina causa probable para arrestar, citar o detener a dicho ciudadano por la comisión del delito imputado.... Es en este momento que da inicio la acción penal, pues faculta al Estado a presentar los cargos contra el ciudadano y, por ende, desde ese instante cobra vigencia el derecho a juicio rápido. Citas omitidas. ”

Las Reglas de Procedimiento Criminal delimitan el alcance del derecho ajuicio rápido. Específicamente, la Regla 64(n) establece ciertos términos que rigen las distintas etapas del período concebido entre el arresto del ciudadano hasta el momento del juicio. El legislador entendió que esos términos son constitucionalmente razonables para salvaguardar el derecho ajuicio rápido. Pueblo v. Valdés Medina, Opinión de 4 de diciembre de 2001, 2001 J.T.S. 170.
En el caso ante nuestra consideración, el peticionario solicitó la desestimación de las denuncias al amparo de la Regla 64(n)(2) de las de Procedimiento Criminal, supra. Dicha regla dispone que se podrá solicitar la desestimación de una acusación o denuncia basándose en el siguiente fundamento:

“n) Que existen una o varias de las siguientes circunstancias, a o ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento.

(2) Que no se presentó acusación o denuncia contra el acusado dentro de los sesenta (60) de días de su 
*634
arresto o citación o dentro de los treinta (30) días si se tratare de un caso en que un magistrado autorizó la radicación de las mismas de conformidad con lo dispuesto en la Regla 6(a). ”

El propio texto de la regla antes transcrita reconoce varias circunstancias en las que los términos a juicio rápido pueden ampliarse, como por ejemplo, la existencia de justa causa para la demora o la tardanza motivada o consentida por el imputado de delito. Pueblo v. Valdés Medina, supra. Como ha dicho el Tribunal Supremo, este condicionamiento es necesario y constitucionalmente válido. Id.; citando a Pueblo v. Rivera Arroyo, 120 D. P.R. 114 (1987). Esto es así, ya que el derecho a juicio rápido debe ajustarse a la realidad vital y estar en función de la práctica del día a día del sistema de justicia criminal. Pueblo v. Rivera Colón, 119 D.P.R. 315 (1987).
Como vemos, el texto de la Regla 64(h)(2) de Procedimiento Criminal, supra, dispone que se podrá solicitar la desestimación de una denuncia basado en que la misma no se presentó dentro de los sesenta (60) días del arresto o la citación del imputado, o dentro de los treinta (30) días si se tratare de un caso en que un magistrado autorizó la radicación de la denuncia de conformidad con lo dispuesto en la Regla 6(a).
El argumento esgrimido por el peticionario Acevedo Irizarry de que fue arrestado el 30 de noviembre de 2003, es erróneo. Según se desprende del informe policíaco, Acevedo Irizarry fue conducido al hospital, ya que tenía traumas en su cuerpo y fue atendido por un médico. Estando en el hospital, se le practicó un análisis de alcohol en la sangre evidentemente porque el policía entendió que Acevedo Irizarry estaba en “aparente estado I de embriaguez”. Nótese que conforme alega el propio Acevedo Irizarry en su petición de Certiorari, los resultados de esas pmebas no estuvieron disponibles, sino hasta cierto tiempo después.
Ante el hecho de que Acevedo Irizarry no fue arrestado el 30 de noviembre de2003, debemos establecer qué efecto, si alguno, tuvo “la citación” expedida a Acevedo Irizarry en esa misma fecha. Para ello, examinemos las reglas y disposiciones legales aplicables al mecanismo de la citación.
La Regla 7(a) de las de Procedimiento Criminal, supra, dispone, en parte, que “en aquellos casos en que un funcionario del orden público pudiere arrestar sin orden de un magistrado, dicho agente, si se tratare de un delito menos grave (misdemeanor), podrá citar por escrito y bajo su firma a la persona para que comparezca ante un magistrado, en vez de arrestarla. La citación informará a la persona que si no compareciere se expedirá una orden de arresto en su contra. ”
Cónsono con lo anterior, el funcionario del orden público puede realizar un arresto sin orden, “cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia... ”. Regla 11(a) de las de Procedimiento Criminal, supra.
La citación expedida por el agente y reglamentada en la Regla 7(a), supra, se hace con el propósito de que la persona “comparezca al inicio de los procesos judiciales en su contra, que no puede ser otra cosa que no sea la determinación de causa probable”. Ernesto L. Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Editorial Forum, Yol. n, 1991, pág. 42. Cuando se trata de este tipo de citación, el imputado se encuentra “sujeto a responder'', lo que “activa los términos de juicio rápido dispuestos en la Regla 64(n), incluyendo el término para la presentación de denuncia.” Id.
En Pueblo v. Tribunal Superior, 104 D.P.R. 363 (1975), el Tribunal Supremo validó la utilización del mecanismo de citación establecido en la Regla 7(a) de las de Procedimiento Criminal, como un mecanismo alterno al arresto, en aquellos casos en que' está envuelta la conducción de un vehículo bajo los efectos de bebidas embriagantes.
No obstante lo anterior, existe otro tipo de citación, a modo de “invitación”, que no tiene el efecto de poner *635 en marcha los términos de rápido enjuiciamiento. Ese tipo de citación surge, por ejemplo, cuando el agente llega al lugar de los hechos para investigar la posible comisión de un delito, pero en ése momento no tiene los motivos fundados para realizar un arresto. En esos casos, el agente del orden público puede expedir una citación a modo de invitación, a los efectos de que. la persona pueda estar presente en la vista de causa probable para el arresto. Ernesto L. Chiesa, supra, págs. 40-41. Véase, además, Hernández Pacheco v. Flores Rodríguez, 105 D.P.R. 173 (1976).
La “citación” expedida a Acevedo Mzarry el 30 de noviembre de 2003 se hizo en un pedazo de papel pequeño, a manuscrito que se limitó a decir lo siguiente: “# Querella 03-10-068-7646, Pol. José Soto #038, Tel. 8956-3700, 17 die- 2:00p.m. Hyundai verde”. Apéndice del Certiorari, pág. 3.
Es claro entonces que la antedicha citación no cumple con los requisitos establecidos en la Regla 7(a), supra, la cual permite que un policía cite a una-persona por escrito y bajo su firma, haciendo la salvedad de que si ésta no comparece se expedirá una orden de arresto en su contra. En otras palabras, la referida comunicación incumple con los requisitos de “autenticidad oficial” requeridos en la Regla 7(a). Hernández Pacheco v. Flores Rodríguez, supra, pág. 175.
Tómese en consideración que en este caso la policía acudió al lugar de los hechos a investigar un accidente de tránsito. A pesar de que la policía entendió que Acevedo Mzarry estaba en “aparente estado de embriaguez”, en ese momento no pudo concluir que éste se encontraba bajo los efectos de bebidas embriagantes, por encima de los niveles permitidos en el Artículo 7.02 de la Ley de Vehículos y Tránsito, supra. Ante esta situación, el policía carecía de los motivos fundados para creer que la persona había cometido un delito en su presencia. Faltando esos motivos fundados, no podía arrestarlo debidamente ni expedir una citación como alternativa al arresto según lo provisto en la Regla 7(a), supra.
Así las cosas, el policía procedió a entregarle un papel, a modo de invitación, a los efectos de que Acevedo Mzarry estuviese presente en la vista de determinación de causa probable. En esos momentos, éste todavía no se encontraba sujeto a responder por la comisión de delito alguno. Conforme expone el propio peticionario, al menos en dos ocasiones no se le pudo someter el caso ante la indisponibilidad de los resultados de los exámenes toxicológicos.
Como dijera el Tribunal Supremo en Hernández Pacheco v. Flores Rodríguez, supra, pág. 175, en ese tipo de citación informal:

“...No están comprometidas..., ni la privación de libertad física que conlleva el arresto, ni la efectiva intervención con la libertad derivada de una citación formal, firmada, compeliendo la comparecencia bajo prevención de arresto, por lo que carece de eficacia dentro del debido proceso de ley, como punto de partida en el proceso criminal. ”

No es hasta el 5 de febrero de 2004 que se le expide a Acevedo Mzarry una citación oficial según lo dispone la Regla 7(a) de Procedimiento Criminal, supra. Apéndice del Certiorari, pág. 4. La misma está firmada por el agente de la Policía Municipal y se le apercibe a Acevedo Mzarry que de no comparecer al lugar indicado, en la hora y fecha establecida, se expediría una orden de arresto en su contra. Similares citaciones se le expidieron el 7 de febrero y 12 de marzo de 2004. Apéndice del Certiorari, págs. 5-6.
Finalmente, la denuncia se radicó el 17 de marzo de 2004. En esa misma fecha se encontró causa probable para el arresto de Acevedo Mzarry por la comisión del delito tipificado en el Artículo 7.02 de la Ley de Vehículos y Tránsito, supra.
No debe caber duda de que la citación a la que alude la Regla 7(a) tiene el efecto de activar los términos de *636 juicio rápido. Ello es evidente, dado que la misma se expide en sustitución al arresto. Como ya explicamos, la citación a manuscrito entregada a Acevedo Mzarry el 30 de noviembre de 2003, sólo constituyó una invitación para que compareciera en la fecha indicada a los procedimientos de causa probable. La misma no tiene indicios de ser una citación oficial en sustitución al arresto.
Sin embargo, la citación expedida el 5 de febrero de 2004 sí contiene todas las características de una citación oficial al amparo de la Regla 7(a) y 11 de las de Procedimiento Criminal, supra. De hecho, así consta del texto de las mismas. En virtud de lo anterior, desde ese momento, 5 de febrero de 2004, Acevedo Mzarry se encontraba sujeto a responder, por lo que desde esa fecha, no antes, comenzó a transcurrir el término de sesenta (60) días para radicar la correspondiente denuncia.
Habiéndose presentado la denuncia el 17 de marzo de 2004, a sólo 41 días de la primera “citación oflciaP’ expedida a Acevedo Irizarry (según éste mismo la denomina), resulta evidente que la misma se presentó dentro de los términos dispuestos en la Regla 64(n)(2), supra. No hay, por lo tanto, ningún tipo de dilación en cuanto al tiempo transcurrido entre la expedición de la primera citación oficial en este caso y la posterior radicación de la denuncia. Por lo tanto, el planteamiento del peticionario Acevedo Mzarry carece de méritos, a la luz de los hechos y el derecho aplicable.
III
El peticionario alega que erró el Tribunal de Primera Instancia al no desestimar la denuncia por el fundamento de que el Ministerio Público no se opuso por escrito a la moción de desestimación en el término de quince (15) días dispuesto para ello.
Como bien resolviera el foro recurrido, es el tribunal quien tiene la facultad de resolver conforme a derecho, a la luz de la situación fáctica que tiene ante su consideración. El hecho de que una de las partes, en este caso, el fiscal, no se opusiera por escrito a la solicitud del peticionario, no es sinónimo de que el tribunal renuncie a su facultad adjudicativa. Esa facultad es irrenunciable y está atada a la discreción del juzgador como conocedor del derecho. Concluir lo contrario tendría un efecto negativo para nuestro sistema judicial en tanto procedería la desestimación automática de las causas penales por la mera falta de oposición oportuna de la parte contraria. Por lo tanto, no erró el tribunal al negarse a desestimar la denuncia bajo ese fundamento, máxime cuando el Ministerio Público aclaró que en esa fecha, 3 de junio de 2003, se encontraba en la disposición de oponerse verbalmente a la moción presentada por la defensa. Véase Minuta-Resolución, pág. 2; Apéndice del Certiorari, pág. 2.
Por último, el peticionario reclama que el Tribunal erró al acceder a la solicitud del Ministerio Público de posponer la celebración del juicio para otra fecha, a los fines de poder incluir como testigos y citar a la enfermera Monserrate Beltrán, quien trabaja en la Clínica del Dr. Rodríguez, y a la Sra. Mayra Boneta, quien realizó los análisis químicos.
El derecho que tiene el acusado a confrontarse con los testigos de cargo le exige al Ministerio Público la obligación de incluir en la acusación o denuncia una lista de esos testigos. En virtud de ese derecho, se le brinda al acusado la oportunidad de entrevistarse, sin previa orden judicial, con los testigos que habrá de utilizar el Ministerio Público. Ernesto L. Chiesa, supra, pág. 171.
La Regla 64(n) de las de Procedimiento Criminal, supra, permite la desestimación de una denuncia cuado “no se ha notificado al acusado la lista de los nombres y direcciones de los testigos que El Pueblo se propone usar en el juicio”. No obstante, el hecho de no notificar al acusado la lista de nombres y direcciones de los testigos que intentará utilizar el Ministerio Público, “es un defecto subsanable, por lo que el Tribunal debe ordenar que se enmiende el pliego acusatorio (en este caso la denuncia) para incluir esa información -o de alguna manera suplir la información al acusado- y denegar la desestimación”. Ernesto L. Chiesa, supra, pág. *637 254, énfasis suplido.
Por consiguiente, el hecho de que el Ministerio Público solicitara la inclusión de testigos y la posposición del juicio para una fecha posterior, no es causa suficiente para la desestimación de la denuncia. El peticionario advino en conocimiento de los testigos que habría de utilizar el Ministerio Público, por lo que se le garantizó, con tiempo suficiente, el derecho para prepararse y ejercer su derecho a confrontación en el próximo señalamiento del juicio.
En consideración a lo expuesto, se expide el auto, se confirma el dictamen recurrido. Se ordena al foro recurrido la continuación de los procedimientos.
Notifíquese inmediatamente a las partes y al foro recurrido.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2005 DTA 1
1. La denuncia se presentó por hechos alegadamente ocurridos el 30 de noviembre de 2003 y lee de la siguiente forma:

“El Sr. Wilfredo Acevedo Irizarry allí y entonces, ilegal, voluntaria, maliciosamente, a sabiendas y con la intención criminal, violó lo dispuesto en la Sec. 7.02 de la Ley 22 de Vehículos y Tránsito de Puerto Rico, vigente según enmendada, consistente dicha violación, en que para la fecha, hora y sitio arriba indicados y mientras conducía el vehículo de motor marca Mitsubishi, modelo Mirage 1999, tablilla DHK357, lo hacía bajo los efectos de bebidas embriagantes.

Al aquí ¡acusado, luego de hacerle las advertencias requeridas por Ley, para sí libre y voluntariamente, se sometía a uno de los análisis. ”

2. “Regla 64. FUNDAMENTOS DE LA MOCIÓN PARA DESESTIMAR.

La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos.

n) Que existen una o varias de las siguientes circunstancias, a o ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento.

(2) Que no se presentó acusación o denuncia contra el acusado dentro de los sesenta (60) de días de su arresto o citación o dentro de los treinta (30) días si se tratare de un caso en que un magistrado autorizó la radicación de las mismas de conformidad con lo dispuesto en la Regla 6(a). ”

3.See. 5002. Manejo de vehículos de motor bajo los efectos de bebidas embriagantes.
En cualquier proceso criminal por infracción a las disposiciones de la see. 5201 de este título, el nivel o concentración de alcohol existente en la sangre del conductor al tiempo en que se cometiera la alegada infracción, según surja tal nivel o concentración del análisis químico o físico de su sangre o aliento o cualquier sustancia de su cuerpo, menos la orina, constituirá base para lo siguiente:

*638
“(a) Será ilegal, per se, que cualquier persona conduzca o haga funcionar un vehículo de motor cuando su contenido de alcohol en su sangre sea de ocho centésimas del uno por ciento (1%) o más, según surja tal nivel o concentración del análisis químico o físico de su sangre o aliento.

(b) En el caso de conductores de camiones, ómnibus escolares, vehículos pesados de servicio público y vehículos pesados de motor, la disposición anterior se aplicará cuando el contenido de alcohol en la sangre del conductor sea de dos centésimas del uno por ciento (.02%) o más.

Las disposiciones de los incisos (a) y (b) de esta sección no deberán interpretarse en el sentido de que las mismas limitan la presentación de cualquier evidencia competente sobre si el conducto estaba o no bajo los efectos de bebidas embriagantes al tiempo de cometerse la alegada infracción. ”