EL PUEBLO DE PUERTO RICO, demandante y peticionario, *v.* CARLOS MIRÓ GONZÁLEZ, acusado y recurrido.

*Número:* CE-91-638          *Resuelto:* 30 de junio de 1993

*Jorge E. Pérez Díaz* y *Anabelle Rodríguez, Procuradores Generales*, abogados de El Pueblo; *Julio E. Gil de Lamadrid Pérez*, abogado del recurrido.

EL JUEZ PRESIDENTE SEÑOR ANDRÉU GARCÍA emitió la opinión del Tribunal.

La controversia planteada en este caso nos brinda la oportunidad de aclarar la norma en torno *a cuándo* es que el derecho a juicio rápido cobra vigencia. Expongamos los hechos relevantes al mismo.

## I

La Sra. Yolanda Roszanet Morales presentó una querella en el Cuartel de la Policía de la Calle Loíza, en Santurce, en contra del recurrido, Don Carlos Miró González, por el delito grave de infracción al Art. 3.2 de la Ley para la Prevención e Intervención con la Violencia Doméstica,([1]) 8 L.P.R.A. sec. 632 (maltrato agravado). El policía denunciante citó a la querellante, a otra testigo y al imputado a comparecer ante un magistrado del Tribunal de Distrito, Sala de San Juan, el 11 de junio de 1991 a los fines de someter a dicho funcionario la correspondiente denuncia([2]) para la determinación de causa probable al amparo de la

---

([1]) Ley Núm. 54 de 15 de agosto de 1989.

([2]) La denuncia dispone de la manera siguiente:

"CARLOS MIRO GONZALEZ, allí y entonces en la fecha, hora y sitio arriba indicados, en Santurce, que forma parte de la jurisdicción del Tribunal Superior de Puerto Rico, ilegal, voluntaria, maliciosa, a sabiendas y con la intención criminal de ocasionar daños físicos, empleó fuerza y violencia contra la Sra. YOLANDA ROSZA-NET MORALES, persona quien es su c[ó]nyuge o cohabitaba o que había sostenido una relación consensual, con quien procreó un hijo, ya que sin causa legal que lo justificara éste arrancó su vehículo de motor, y con la antena del mismo ·le ocasionó una herida en la oreja derecha, siendo atendida en la residencia.

Regla 6 de Procedimiento Criminal vigentes, 34 L.P.R.A. Ap. II. Efectuado el anterior trámite en tal fecha, el magistrado determinó que *no* existía causa probable para ordenar la detención del imputado para que respondiera por delito alguno.

El 1ro de agosto de 1991 el Ministerio Público solicitó formalmente la vista en alzada al amparo de la Regla 6(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II,[3] y fue señalada para el 10 de septiembre de 1991.

En la mencionada fecha el recurrido solicitó al magistrado la desestimación de la petición de revisión presentada por el Estado. Apoyó su solicitud en la alegada violación a su derecho a juicio rápido ya que, según éste, el señalamiento que se hizo para la vista en alzada había excedido de sesenta (60) días desde la fecha de la determinación inicial de no causa.[4] Argumentó que la vista en alzada autorizada por la Regla 6(c) de Procedimiento Criminal, *supra*, debía celebrarse dentro del referido término, invocando, por analogía, el término de sesenta (60) días dispuesto jurisprudencialmente por este Tribunal para la celebración de la vista preliminar en alzada estatuida en la Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.[5] El Ministerio Público se opuso a los planteamientos de la defensa y adujo que dicho término no aplicaba en este caso.

El magistrado que presidía la vista en alzada acogió los argumentos esgrimidos por la defensa y declaró con lugar la solicitud de desestimación presentada por ésta. De dicha

---

"El agravante alegado en este caso consiste en que dicho agresor cometió los hechos en presencia de menores de edad." *Exhibit* II.

[3] La Regla 6(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone que en aquellos casos en que "el magistrado determinare la inexistencia de causa probable ... o cuando la determinación de causa probable fuere por un delito inferior o distinto a aquél que el Fiscal entendiere procedente, éste podrá someter el asunto nuevamente con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia".

[4] Para la fecha en que fue señalada la vista habían transcurrido noventa (90) días desde la determinación inicial de no causa para arresto.

[5] *Pueblo v. Vélez Castro*, 105 D.P.R. 246 (1976).

resolución recurre el Estado ante este Tribunal. Plantea como único error que el tribunal a quo "[e]rró ... al resolver que la vista 'en alzada' para determinación de causa probable para el arresto debe celebrarse inexorablemente dentro del término de sesenta días de la determinación de no causa probable por el magistrado de categoría inferior". Petición de *certiorari*, pág. 2.

A la luz de dicho señalamiento, concedimos término al recurrido para que mostrara causa por la cual no debíamos revocar la resolución recurrida. Con el beneficio de la comparecencia de éste y de la réplica presentada por la señora Procuradora General, resolvemos.

## II

En su comparecencia ante este Foro el recurrido arguye que este se encontraba sujeto a responder (*held to answer*) desde el mismo día de los alegados hechos y/o desde que el policía supuestamente lo citó para comparecer a la vista inicial para la determinación de causa probable. Alega que desde ese momento comenzó el proceso criminal y, por ende, el derecho a un juicio rápido. Resolvemos que no le asiste la razón. Veamos.

El derecho de todo acusado a un juicio rápido es de rango constitucional.([6]) Hemos señalado que este derecho "cobija tanto a los acusados como al Pueblo, en el sentido de que si bien los acusados tienen el derecho constitucional a ser juzgados con celeridad, también la sociedad exige que aquellos a quienes se les acusa de violentar sus leyes sean juzgados con prontitud". *Pueblo v. Rivera Santiago*, 126 D.P.R. 810, 818 (1990), voto particular y de conformidad de la Juez Asociada Señora Naveira de Rodón. Véase *Pueblo v. Monje Sánchez*, 122 D.P.R. 590 (1988).

---

([6]) Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1.

■ En *Pueblo v. Rivera Tirado*, 117 D.P.R. 419, 432 (1986), citando a *Barker v. Wingo*, 407 U.S. 514, 531–533 (1972), señalamos que el juicio rápido persigue como objetivo proteger los intereses del acusado para: "(*a*) prevenir su detención opresiva y perjuicio; (*b*) minimizar sus ansiedades y preocupaciones, y (*c*) reducir las posibilidades de que su defensa se afecte."

■ Sin embargo, reiteradamente hemos señalado que el derecho a un juicio rápido no cobra vigencia hasta que el imputado de delito es *detenido o está sujeto a responder* (*held to answer*). *Pueblo v. Rivera Colón*, 119 D.P.R. 315, 321 (1987); *Pueblo v. Rivera Tirado*, supra, pág. 431; *Pueblo ex rel. L.V.C.*, 110 D.P.R. 114, 126 (1980); *Hernández Pacheco v. Flores Rodríguez*, 105 D.P.R. 173, 177–178 (1976). El concepto "sujeto a responder" no significa necesariamente un arresto. Se dice que una persona, natural o jurídica, está "sujeta a responder" cuando está *obligada* a contestar una acusación o denuncia o está *expuesta* a ser convicta. *Pueblo v. Carmen Centrale, Inc.*, 46 D.P.R. 494, 498 (1934).

Sobre este particular, en *United States v. Marion*, 404 U.S. 307, 313–317 (1971), se señaló lo siguiente:

On its face, the protection of the Amendment [refiriéndose a la Sexta Enmienda] is activated *only when a criminal prosecution has begun and extends only to those persons who have been "accused" in the course of that prosecution.* These provisions would seem to afford no protection to those not yet accused, nor would they seem to require the Government to discover, investigate, and accuse any person within any particular period of time... Legislative efforts to implement federal and state speedy trial provisions also plainly reveal the view that these guarantees are applicable *only after a person has been accused of a crime.* (Énfasis suplido.)

El Tribunal Supremo federal ha interpretado el concepto "acusado" en los términos siguientes:

The Government constituted petitioner an "accused" *when it arrested him and thereby commenced its prosecution of him.. Dillingham v. United States*, 423 U.S. 64, 65, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975).

En términos similares se han expresado algunos comentaristas sobre este asunto, al señalar que: "In no event, however, will the right to speedy trial arise before there is some *charge or arrest*, even though the prosecuting authorities had knowledge of the offense long before this." Nota, *The Right to a Speedy Criminal Trial*, 57 Col. L. Rev. 846, 848 (1957). "[T]he right to a speedy trial attaches only after an individual has been *formally charged* with a crime." Notas, *The Right to a Speedy Trial*, 20 Stan. L. Rev. 476, 482–483 (1968). "Only an 'accused' shall enjoy the right to speedy trial. Accordingly, it might be said that a potential defendant who has not yet been arrested, much less formally charged, can never be an 'accused' within the meaning of the amendment." Notas, *Pre-arrest Delay: Envolving Due–Process Standards*, 43 N.Y.U. L. Rev. 722, 726 (1968).

En nuestro derecho procesal penal, el procedimiento criminal se inicia con *la determinación por un magistrado de que existe causa probable para arrestar o citar a una persona para que responda ante los tribunales por la comisión de un delito*. D. Nevares-Muñiz, *Sumario de derecho procesal puertorriqueño*, 3ra ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1989, pág. 39. Desde ese momento "el tribunal adquiere jurisdicción sobre la persona del imputado". O.E. Resumil de Sanfilippo, *Derecho Procesal Penal*, Oxford, Equity Publishing Co., 1990, T. I, Sec. 6.1, pág. 108. Es por ello que nuestra Constitución exige, como regla general, que todo arresto debe ser ordenado por autoridad judicial, y "ello únicamente cuando exista causa probable apoyada en juramento o afirmación ...". Art. II, Sec. 10, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, pág. 299.

Dicho mandato constitucional lo resguarda nuestra Regla 6(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.([7])

    ■  Por su parte, la determinación de un magistrado de que *existe causa probable para arresto*, además de dar inicio a la acción penal, tiene el efecto de permitir al Estado poder presentar la denuncia o acusación contra el imputado de delito.([8]) Es en este momento que formalmente podemos decir que la persona se encuentra "acusada",([9]) *United States v. Marion*, supra, y por lo tanto, "obligada a contestar una acusación o denuncia o propensa a ser convicta". *Pueblo v. Carmen Centrale, Inc.*, supra. Por el contrario, la inexistencia de causa probable *para arresto* impide al Ministerio Público presentar una denuncia o acusación de clase alguna. Regla 6(c) de Procedimiento Criminal, *supra*. Dicha determinación, a su vez, tiene el efecto de *"exonerar"* a la persona de las imputaciones formuladas en su contra. *Pueblo v. Méndez Pérez*, 120 D.P.R. 137, 142 (1987).

## III

En virtud de lo antes expuesto, y conforme a nuestro ordenamiento procesal penal, resolvemos que el ciudadano

---

([7]) La Regla 6(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, en lo pertinente, dispone:

"... Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas ...."

([8]) La Regla 6(c) de Procedimiento Criminal, *supra*, en su parte pertinente, dispone:

"Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la misma o del examen bajo juramento del denunciante o sus testigos, si algunos, el magistrado determinare la inexistencia de causa probable, no podrá presentarse denuncia o acusación de clase alguna."

([9]) Tal calificativo lo utilizamos en el sentido de que la persona queda restringida en su libertad, pues se inicia el proceso criminal en su contra. En los casos en que se impute un *delito grave*, obviamente el Estado no está autorizado a presentar la acusación hasta tanto se determine causa probable para acusar a tenor con lo dispuesto en la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

queda "sujeto a responder" (*held to answer*) por la comisión de un delito en el momento en que un juez determina *causa probable* para *arrestar, citar* o *detener* a dicho ciudadano por la comisión del delito imputado.[10] Nevares-Muñiz, *op. cit.*, pág. 39. Es en este momento que da *inicio la acción penal*, pues faculta al Estado a presentar los cargos contra el ciudadano y, por ende, desde ese instante *cobra vigencia el derecho a un juicio rápido*.[11] Nuestra Constitución así lo dispone al señalar que será *el acusado* quien disfrutará del derecho a un juicio rápido. Art. II, Sec. 11, Const. E.L.A., *supra*. En otras palabras, la protección constitucional se activa luego de ponerse "en movimiento ... el mecanismo procesal que podría culminar en una convicción" y "que tenga el efecto legal de obligar a esa persona a responder por la comisión de un delito público". *Pueblo v. Tribunal Superior*, 81 D.P.R. 455, 459 y 467 (1959).

Por otro lado, aun cuando el derecho a juicio rápido no se activa en las etapas previas al arresto, las dilaciones innecesarias o injustificadas por parte del Estado durante dicho período quedan atendidas con los términos prescriptivos[12] y con las exigencias del debido proceso de ley. *Pue-*

---

[10] En aquellos casos en que, como en el presente, el imputado comparece personalmente ante el magistrado sin una orden de arresto previa, usualmente se expide un mandamiento de encarcelación para responder del delito por el cual se ha determinado causa probable en lugar de una orden de arresto, ya que ésta resulta innecesaria.

[11] D. Nevares-Muñiz, *Sumario de derecho procesal puertorriqueño*, 3ra ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1989, pág. 39; E. Sigvagnoli Cuevas, *El debido procedimiento de ley y el derecho a ser acusado en un término razonable*, 54 (Núm. 3) Rev. Jur. U.P.R. 575 (1985).

[12] El Art. 79 de nuestro Código Penal dispone que "[e]l término de prescripción se computará desde el día de la comisión del delito hasta la fecha en que se *expida el mandamiento de arresto o de citación*". (Énfasis nuestro.) 33 L.P.R.A. sec. 3413. Esto último sucede con la determinación de causa probable para arresto.

Véase, además, *Pueblo ex rel. L.V.C.*, 110 D.P.R. 114, 126 (1980), en el cual señalamos lo siguiente:

"En las causas criminales, el derecho a juicio rápido no cobra vigencia hasta que el imputado del delito es detenido o está sujeto a responder .... Es con ello que se inicia el procedimiento acusatorio y desde entonces debe garantizarse al acusado que será procesado sin dilación innecesaria o injustificada. El procedimiento no se inicia con la comisión de delito. Allí comienza el término prescriptivo, si lo hubiere, para el delito en cuestión. La fijación de términos prescriptivos es compatible con el derecho

*blo v. Padilla Arroyo*, 104 D.P.R. 103, 107 (1975). Sobre este particular, el Tribunal Supremo federal, en *United States v. MacDonald*, 456 U.S. 1, 7–8 (1982), señaló lo siguiente:

> Although delay prior to arrest or indictment may give rise to a due process claim under the Fifth Amendment, see *United States v. Lovasco*, 431 U.S. 783, 788–789 (1977), or to a claim under any aplicable statutes of limitations, no Sixth Amendment right to a speedy trial arises *until charges are pending*.
>
> .     .     .     .     .     .     .     .     .
>
> The Sixth Amendment right to a speedy trial is thus not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. (Énfasis suplido.)

## II

Conforme a los principios de derecho previamente enunciados, debemos concluir que el tribunal a quo incidió al desestimar la denuncia que pesaba contra el recurrido por el fundamento de que el Estado había violado el derecho a un juicio rápido del imputado.

■ De los hechos particulares de este caso surge que el Tribunal de Distrito dictaminó inicialmente que *no existía causa probable* para arrestar o detener al recurrido por el delito de maltrato agravado bajo la Ley para la Prevención e Intervención con la Violencia Doméstica. Dicha determinación tuvo el efecto de impedir que el Ministerio Público pudiese presentar acusación alguna contra el recurrido y,[18] por ende, este último no se encontraba *"sujeto a responder"* por delito alguno. Esto, a su vez, tuvo el efecto de evitar que cobrara vigencia el derecho a un juicio rápido. Resumil de Sanfilipo, *op. cit.*, Sec. 6.11, pág. 128.

El recurrido sostiene que estaba llamado a responder del delito imputado desde que fue "citado" por el policía

a juicio rápido, pero no es parte de ese derecho."

[18] Regla 6(c), *supra*.

denunciante a comparecer ante el magistrado a los fines de someter a éste la denuncia para el trámite de causa probable, ordenado por la Regla 6 de Procedimiento Criminal, *supra*. Al así hacerlo confunde la *citación que le fue hecha* por el agente investigador en este caso con las citaciones a las cuales alude la Regla 7(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En su parte pertinente, esta regla dispone:

> ... Se podrá expedir una citación en lugar de una orden de arresto si el magistrado ante quien se presentare la denuncia o que haya examinado a algún testigo que tenga conocimiento personal de los hechos, tuviere motivos fundados para creer que la persona va a comparecer al ser citada, o si la persona fuere una corporación. Se podrá expedir más de una citación basada en un solo delito imputado. En aquellos casos en que un funcionario del orden público pudiere arrestar sin orden de un magistrado, dicho agente, si se tratare de un delito menos grave (*misdemeanor*), podrá citar por escrito y bajo su firma a la persona para que comparezca ante un magistrado, en vez de arrestarla. La citación informará a la persona que si no compareciere se expedirá una orden de arresto en su contra.

Una simple lectura de la regla nos indica que ésta se refiere a *dos (2) citaciones* distintas: una a expedirse por un magistrado y la otra a ser hecha por un agente del orden público *en distintas etapas del proceso criminal.*

La citación a que está autorizado el magistrado al amparo de dicha regla es expedida por éste *"en lugar de una orden de arresto"*, o sea, *después que éste ha determinado causa probable* para el arresto de un ciudadano. Es claro que el derecho a un juicio rápido se activa a partir del diligenciamiento de tal citación. Por otro lado, la citación a que está autorizado un agente del orden público bajo tal regla puede ser hecha por éste en lugar de *arrestar a un ciudadano* en aquellos casos en que pudiese arrestar sin orden de un magistrado, siempre y cuando se trate de un *delito menos grave (misdemeanor)*. Veáse, además, Regla 11 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

■ Según surge de la denuncia presentada en este caso, el policía denunciante actuó por investigación; esto es, sin conocimiento personal de los hechos delictivos, por lo que, constituyendo los mismos un delito *grave*, no estaba legalmente facultado *para citar al imputado en lugar de arrestarle*. Por lo tanto, la "citación" que supuestamente le hizo al recurrido para que compareciera al acto de someter la querella al magistrado a los fines de la determinación exigida por la Regla 6 de Procedimiento Criminal, *supra*, no fue otra cosa que una *invitación* a estar presente en dicho acto conforme a lo resuelto por este Tribunal en el caso *Hernández Pacheco v. Flores Rodríguez*, 105 D.P.R. 173 (1976), ante unos hechos similares.

## IV

■ Finalmente, el recurrido invoca por analogía la jurisprudencia de este Tribunal en torno a un juicio rápido relativa a la vista preliminar en alzada[14] a los fines de sostener la validez de la resolución recurrida. Tampoco tiene razón en este aspecto. Como hemos señalado, al no existir una determinación previa de causa probable para el arresto o detención del recurrido al amparo de la Regla 6 de Procedimiento Criminal, *supra*, éste no se encontraba detenido o sujeto a responder por delito alguno, por lo que la jurisprudencia invocada respecto a la vista preliminar en alzada no es aplicable a los hechos aquí presentes. Ello es así porque la determinación previa de causa probable bajo la mencionada Regla 6 es un requisito con el cual tiene que cumplir el Estado *antes* de que pueda celebrarse la vista preliminar dispuesta por la Regla 23(a) de Procedimiento Criminal.[15] Por consiguiente, tanto en la etapa

---

[14] Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

[15] Dicha regla dispone, en su parte pertinente, lo siguiente:

"(a) *Cuándo se celebrará*. Se celebrará una vista preliminar en aquel caso en que se imputare a una persona un delito grave (*felony*). En estos casos deberá citársele

de la vista preliminar original (Regla 23 de Procedimiento Criminal, *supra*) como en la etapa de vista preliminar en alzada (Regla 24 de Procedimiento Criminal, 34 L.P.R.A. Ap. II), el imputado *ya está sujeto a responder* del delito por el cual está siendo procesado como resultado de una determinación previa de causa probable hecha por un magistrado al amparo de la Regla 6 de Procedimiento Criminal, *supra*. En vista de ello, es claro que en cualquiera de dichas etapas relativas a la vista preliminar ya está activado el derecho del imputado a un juicio rápido, a diferencia de la vista en alzada al amparo de la Regla 6(c) de Procedimiento Criminal, *supra*, para la determinación de causa probable para el arresto o detención *inicial* del imputado, cuando todavía no está activado tal derecho.

Conforme hemos señalado anteriormente, es mediante esta determinación previa de causa probable para el arresto, citación o detención inicial del acusado para responder de un delito, hecha al amparo de la Regla 6 de Procedimiento Criminal, *supra*, que se inicia el proceso criminal en su contra. Esta determinación inicial de causa probable es la llave que abre las puertas a la celebración de otros procedimientos subsiguientes que son parte integral de la acción penal seguida contra el acusado. *Cf. Pueblo v. Rivera Colón*, supra; *Pueblo v. Félix Avilés*, 128 D.P.R. 468 (1991). Recientemente sostuvimos que la "denuncia que da lugar a la vista preliminar original sirve de base para la segunda vista, sin que sea necesario, por disposición alguna de las Reglas de Procedimiento Criminal, someter nuevamente la prueba ante un magistrado para una nueva determinación de causa probable para el arresto o citación". *Pueblo v. Vallone, Jr.*, 133 D.P.R. 427, 434 (1993). Es inescapable, por lo tanto, la conclusión de que no

---

para esa vista por lo menos cinco (5) días antes de su celebración. En los casos en que se hiciere constar, de acuerdo con la Regla 22(c), que la persona no puede obtener asistencia legal, el magistrado correspondiente le nombrará abogado y el nombre de éste se incluirá en la citación para la vista preliminar. El magistrado comunicará dicha vista al abogado." 32 L.P.R.A. Ap. II, R. 23.

puede aplicarse a la vista en alzada que considera la Regla 6(c) de Procedimiento Criminal, *supra*, la doctrina que jurisprudencialmente hemos desarrollado respecto al derecho a un juicio rápido en torno a la vista preliminar en alzada. Ello es así porque el propósito de la vista en alzada que dispone la citada Regla 6(c) es el de sujetar al acusado a responder por el delito que se le imputa. Precisamente, es esta circunstancia lo que diferencia a esta vista de la vista preliminar en alzada: al momento de la celebración de la primera de dichas vistas mencionadas el imputado no está todavía sujeto a responder por delito alguno, mientras que al momento en que se celebra la segunda, ya el acusado está respondiendo del delito por el cual se determinó causa probable para su arresto o citación.

## V

· Por los fundamentos anteriomente expuestos, *se dictará sentencia mediante la cual se expida el auto solicitado y, en su consecuencia, se revocará la resolución recurrida y se devolverá el caso para la celebración de la vista para la determinación en alzada de causa probable para arresto o citación en la forma dispuesta por la Regla 6(c) de Procedimiento Criminal vigentes.*

El Juez Asociado Señor Alonso Alonso concurrió con el resultado sin opinión escrita.