# 2002 DTA 115

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN
## PANEL III

EL PUEBLO DE PUERTO RICO
Recurrido

v.

MICHAEL ANDRADE RIVERA
Peticionario

Núm. KLCE-2001-01500

San Juan, Puerto Rico, a 25 de junio de 2002

Panel integrado por su Presidente, el Juez Ortiz Carrión,
y los Jueces Segarra Olivero y Negroni Cintrón

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Al amparo de la Regla 64(n)(3) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64 (n) (3), el Sr. Michael Andrade Rivera, el peticionario, solicitó la desestimación de las acusaciones presentadas en su contra. El Tribunal de Primera Instancia denegó la solicitud. Inconforme, el peticionario acude ante nos y nos insta a que revoquemos el dictamen recurrido.

### I

El 17 de junio de 2001, se presentaron tres denuncias contra el peticionario por alegadas infracciones al Artículo 404 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2404. Se determinó causa probable para su arresto y fue ingresado en prisión, ya que no prestó la fianza que se le impuso.

La Lcda. Yaritza Torres Medina de la Sociedad para Asistencia Legal de Puerto Rico, asumió la representación legal del peticionario el 29 de junio de 2001.

El 17 de julio de 2001, se celebró la vista preliminar en la que se determinó causa probable para acusar al peticionario por todos los delitos imputados. El 19 de julio se presentaron los correspondientes pliegos acusatorios y se celebró el acto de lectura de acusación. Finalmente, el tribunal señaló el juicio para el 15 de agosto de 2001.

No obstante, ese día la defensa solicitó un nuevo señalamiento de vista, toda vez que previamente había presentado dos mociones, una de supresión de evidencia y otra de descubrimiento de prueba al amparo de la Regla 95 de Procedimiento Criminal, las cuales todavía estaban pendientes para su resolución. El tribunal accedió a lo solicitado y señaló la vista del caso para el 12 de septiembre de 2001. Llegado el día de la vista, la Lcda. Torres Medina no compareció porque estaba participando en una huelga decretada por la Unión Independiente de Abogados de la Sociedad para la Asistencia Legal. El caso fue suspendido y se hizo un nuevo señalamiento para el 17 de octubre de 2001.

Aunque todas las partes comparecieron en la fecha mencionada, la vista del caso fue suspendida

nuevamente. Según el peticionario, la suspensión estuvo motivada por dos razones: que el ministerio fiscal no había completado el descubrimiento de prueba y que el químico no estaba presente. El Ministerio Público aceptó esta última circunstancia, pero, sostuvo, por otra parte, que la defensa tampoco había culminado su descubrimiento de prueba. Este punto, el cual es esencial para dilucidar la controversia central, será discutido más adelante.

En vista de lo anterior, el caso fue señalado para el 31 de octubre de 2001. Sin embargo, en dicha fecha, la vista fue suspendida una vez más debido a que no estaba listo el análisis químico. El tribunal recurrido expresó que los términos procesales comenzarían a decursar ese mismo día y, a su vez, señaló el juicio para el 26 de noviembre de 2002. La representación legal del peticionario, en ese momento, no objetó el señalamiento.

No obstante, dos (2) días después, el 2 de noviembre de 2002, a las 9:06 de la mañana, el peticionario presentó una moción en la que solicitó la transferencia de la vista por el fundamento de que el nuevo señalamiento rebasaba el término de sesenta (60) días que proveen las Reglas de Procedimiento Criminal para la celebración del juicio, contados a partir de la fecha en que fue presentada la acusación, Regla 64 (n) (3) de Procedimiento Criminal, *supra*, R. 64 (n) (3). Sostuvo que la última suspensión de la vista atribuible al acusado fue la del 12 de septiembre de 2001 y que a partir de esa fecha comenzó a correr el referido período. Por consiguiente, solicitó al tribunal que señalara el juicio para una fecha anterior al 12 de noviembre de 2001, cuando, alegadamente, vencía el término de sesenta (60) días. ■

El tribunal *a quo* no tomó decisión alguna en cuanto a dicha petición. En la vista del 26 de noviembre de 2002, el Tribunal recurrido indicó que la razón de su inacción en torno a la mencionada solicitud estuvo basada en que ésta no obraba en los autos del caso. Así pues, ésta fue declarada no ha lugar.

En esa ocasión, el peticionario solicitó la desestimación de las acusaciones al amparo de la Regla 64 (n) (3) de Procedimiento Criminal, la cual fue denegada por el tribunal por razón de que la defensa no objetó el señalamiento que se hizo en corte abierta durante la vista celebrada el 31 de octubre de 2001, con lo cual renunció al término provisto en la mencionada regla procesal. Añadió el tribunal que, de todos modos, el término había sido *"[...]arrastrado por virtud de la incomparecencia de la defensa habida (sic) cuenta (sic) del conflicto huelgario de la Sociedad para Asistencia Legal"*. Finalmente, el tribunal ordenó la celebración de una vista de seguimiento para el 17 de diciembre de 2001.

Es de esta determinación que el peticionario acude ante este Foro y solicita, además, la paralización de los procedimientos ante el Tribunal de Primera Instancia, a lo cual accedimos en auxilio de nuestra jurisdicción.

En el recurso del título, el peticionario señala que el tribunal recurrido erró al denegar la solicitud de desestimación, toda vez que el Ministerio Público no demostró la existencia de justa causa para que el juicio se señalara para una fecha más allá de los términos estatutarios, en violación del derecho a juicio rápido que cobija a todo acusado de delito. Argumenta, además, que erró el tribunal recurrido al resolver que el peticionario renunció al referido término de ley, puesto que no objetó oportunamente en el instante en que el caso quedó señalado fuera de dicho término.

A continuación exponemos la doctrina aplicable al caso de autos.

## II

El Artículo II, Sec. 11 de nuestra Constitución consagra el derecho a un juicio rápido que le asiste a todo imputado de delito. *Pueblo v. Candelaria*, ___ D.P.R. ___ (1999), **99 J.T.S. 98**; *Pueblo v. Rivera Tirado*, 117 D.P.R. 419 (1986); *Pueblo v. Opio Opio*, 104 D.P.R. 165 (1975). El legislador, a su vez, consideró necesario establecer unos términos procesales razonables a los fines de darle agarre y proteger el mandato constitucional. A tales efectos, se aprobó la Regla 64(n) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(n), la cual

delimita el alcance de la mencionada disposición constitucional al disponer períodos de tiempo que regulan ciertas etapas del procedimiento que van desde el arresto hasta la celebración del juicio. Por otra parte, el Tribunal Supremo de Puerto Rico ha incorporado términos adicionales para reglamentar aquellas etapas procesales que no habían sido consideradas en la referida regla. Véanse, *Pueblo v. Opio Opio, supra*, que incorpora un término de sesenta (60) días para la celebración de la vista preliminar; *Pueblo v. Vélez Castro*, 105 D.P.R. 246 (1976) que establece un término máximo de sesenta (60) días para que se llevara (lleve) a cabo la vista preliminar en alzada; *Pueblo v. Rivera Tirado*, 117 D.P.R. 419 (1986) que incorpora a la etapa de un juicio ya comenzado los cuatro factores que había que tomar en consideración al evaluar una violación al derecho a juicio rápido.

Como regla general, la protección constitucional cobra vigencia desde que el imputado de delito es detenido o está sujeto a responder. *Pueblo v. Cartagena Fuentes*, ___ D.P.R. ___ (2000), **2000 J.T.S. 163**; *Pueblo v. Candelaria, supra; Pueblo v. Rivera Tirado*, 117 D.P.R. 419, 431 (1986). Una persona está detenida o sujeta a responder cuando está obligada a contestar una acusación o denuncia o expuesta a ser convicta. *Pueblo v. Candelaria, supra; Pueblo v. Miró González*, 133 D.P.R. 813 (1993). En otras palabras, el derecho a juicio rápido se activa cuando se moviliza el aparato procesal contra una persona, el cual obliga a ésta a responder por la comisión del delito que se le atribuye. *Pueblo v. Valdés, et al.*, ___ D.P.R. ___ (2001), **2001 J.T.S. 170**; *Pueblo v. Cartagena Fuentes, supra; Pueblo v. Miró González, supra.*

Aun cuando el derecho a juicio rápido es uno de carácter fundamental, el mismo no es absoluto. *Pueblo v. Rivera Arroyo*, 120 D.P.R. 114, 119 (1987). Este derecho asiste tanto al individuo como a la sociedad. *Pueblo v. Cartagena Fuentes, supra; Pueblo v. Arcelay Galán*, 102 D.P.R. 409 (1974). Por un lado, procura proteger los intereses del imputado para prevenir su detención opresiva y perjuicio, minimizando sus preocupaciones y ansiedades. *Pueblo v. Soto Ortiz*, ___ D.P.R. ___ (2000), **2000 J.T.S. 119**. Por otro lado, el derecho a juicio rápido intenta salvaguardar el interés colectivo de que se procese con prontitud a aquellas personas acusadas de violentar las leyes. *Pueblo v. Miró González, supra.* De conformidad con estos enunciados, se ha expresado que "*tanto los derechos del acusado, como de la sociedad en juzgarlo, no son prisioneros de la tiesa aritmética de la regla. Hay elementos de justa causa para la demora que reconcilian el derecho a juicio rápido con las circunstancias reales de cada caso y los derechos del acusado han de atemperarse a la administración práctica de justicia*". *Pueblo v. Santa Cruz, supra*, citando a *Hernández Pacheco v. Flores*, 105 D.P.R. 173, 177 (1976).

En lo que respecta a la controversia que nos ocupa, la Regla 64 (n) (3) de Procedimiento Criminal, *supra*, dispone lo siguiente:

"*La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:*

*[...]*

*(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:*

*[...]*

*(3) Que el acusado estuvo detenido en la cárcel por un total de sesenta (60) días con posterioridad a la presentación de la acusación o denuncia sin ser sometido a juicio.*"

El texto antes transcrito prescribe las circunstancias, -como la presencia de justa causa o el consentimiento del acusado- que justifican la extensión del referido término. Resulta lógico, pues, que "*[l]a determinación de*

*lo que constituye justa causa bajo la Regla 64(n) de las de Procedimiento Criminal es por necesidad un problema de definición a realizarse caso a caso". Pueblo v. Valdés et al., supra,* citando a *Pueblo v. Arcelay Galán, supra. "Cada reclamo de violación al derecho de juicio rápido emana de un escenario recreado por circunstancias propias e individuales". Pueblo v. Valdés, et al., supra.* Cf. *Pueblo v. Rivera Arroyo,* 120 D.P.R. 114 (1987).

Ahora bien, en vista del carácter fundamental del derecho a juicio rápido, el Tribunal Supremo ha establecido que una vez el imputado de delito reclama oportunamente la violación de los términos fijados en la citada Regla 64(n), el peso de demostrar la causa justificada para la demora recae en el Ministerio Público. *Pueblo v. Valdés, et al., supra; Pueblo v. Santa Cruz,* ___ D.P.R. ___ (1999), **99 J.T.S. 149**; *Pueblo v. Carrión Roque,* 99 D.P.R. 362 (1970). El Ministerio Público también puede demostrar que el imputado ha sido el causante de la tardanza o que ha renunciado a su derecho de manera expresa, voluntaria y con pleno conocimiento de causa. *Pueblo v. Santa Cruz, supra,* citando a *Pueblo v. Arcelay Galán, supra.* Debemos reiterar que cuando la suspensión del juicio se hace por justa causa o por causa atribuible al imputado, los términos de juicio rápido comienzan a discurrir nuevamente desde la fecha en que estuvieran las vistas señaladas. *Pueblo v. Valdés et al., supra; Pueblo v. Cartagena Fuentes, supra.*

Efectuado el reclamo por el acusado, corresponde al tribunal examinar cuatro criterios, a saber: (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado invocó oportunamente el derecho a juicio rápido; (4) el perjuicio resultante de la tardanza. *Pueblo v. Rivera Tirado,* 117 D.P.R. 419, 433-438 (1986). *"Cabe destacar que ninguno de estos criterios es determinante en la adjudicación del reclamo; el peso que a cada uno de éstos se le confiera está supeditado a las demás circunstancias relevantes que el tribunal viene obligado a examinar." Pueblo v. Valdés et al., supra.* Cf. *Pueblo v. Rivera Tirado, supra.*

A tenor con la doctrina antes esbozada, procedemos a examinar el reclamo medular del peticionario de que se le violó su derecho a un juicio rápido por no haberse celebrado el juicio dentro del término de sesenta (60) días desde que la acusación fue presentada.

## III

De entrada, es necesario aclarar que el primer señalamiento de error del peticionario, parte de la premisa equivocada, de que el tribunal recurrido realizó una evaluación sobre justa causa del Ministerio Público para solicitar el aplazamiento del juicio durante las vistas del 17 y 31 de octubre de 2001. Lo que realmente hizo en la resolución del 26 de noviembre de 2001, sin embargo, fue concluir que el aplazamiento era atribuible a la defensa del peticionario, toda vez que ésta no objetó en corte abierta el señalamiento del juicio que obviamente se hizo fuera del término provisto en la citada regla y por no haber comparecido dicha parte a las vistas debido a su participación en el conflicto huelgario de la Sociedad para Asistencia Legal. Dicho de otro modo, el tribunal entendió que el imputado renunció a su derecho y que, además, fue el causante de la tardanza:

En realidad, el concepto aplica cuando es el Ministerio Público quien provoca la suspensión y, por ende, le corresponde a éste justificar la causa que provocó la dilación.

A la luz de lo antes expresado, debemos examinar, más bien, si las suspensiones de las vistas del 17 y 31 de octubre de 2001 son atribuibles al acusado. Si ello fuere así, procedería la confirmación del dictamen emitido por el tribunal *a quo,* ya que la fecha límite para la celebración del juicio se extendería hasta el 16 de diciembre de 2001 y, a todas luces, el señalamiento para el 26 de noviembre estaría dentro del término de los sesenta (60) días y, por ende, no habría fundamento legal para desestimar las acusaciones. Por otro lado, si resolviéramos que la referida suspensión no es imputable al acusado, entonces tendríamos que dilucidar si éste renunció al derecho a juicio rápido por no haber objetado oportunamente al señalamiento realizado en corte abierta durante la vista de 31 de octubre de 2001, pues en ese momento era obvio que el nuevo señalamiento rebasaba el término estatutario para celebrar el juicio.

A los fines de lograr adjudicar responsabilidad por la suspensión decretada el 17 de octubre de 2001, reproducimos a continuación el texto de la minuta emitida en dicha vista:

*"A la Vista Supresión de Evidencia comparece el Ministerio Público representado por su Fiscal Gabriel Redondo Miranda.*

*El acusado (confinado) comparece representado por [sic] por la Lcda. Yaritza Torres, Asistencia Legal.*

*Manifiesta la Defensa que para el día de hoy está señalado el juicio y la vista de supresión de evidencia y no se le ha entregado parte de la Regla 95 que es esencial para la defensa ver esta vista.*

*Los testigos están presentes.*

*Manifiesta el Fiscal que falta el Químico y no podría entrar a ver la vista porque la Defensa interesa ver algo relacionado a la evidencia y hay que citar al químico.*

*La Defensa necesita la [sic] notas de la policía y el reporte de los Ranger de Plaza Las Américas.*

*Se señala la vista supresión de evidencia para el 31 de octubre de 2001, 9:00 A.M. en esta sala.*

*Acusado (confinado) citado en corte abierta y deberá ser traído en esa fecha. Abogado notificado.*

*Prueba citada corte abierta. Cítese al químico trayendo cconsigo [sic] evidencia sobre número 193766."* (Subrayado nuestro).

Surge de lo antes transcrito que la imputación que hace el Ministerio Público a la defensa, de que fue ésta quién causó la suspensión, es totalmente improcedente. Aun cuando asumiéramos, a los únicos fines de la argumentación, que la representación legal del peticionario no estaba preparada en la fecha indicada, no es menos cierto que esa situación fue provocada, precisamente, por el Ministerio Público. La defensa había dado amplia oportunidad a la fiscalía para proveer los mencionados documentos, ya que desde el 13 de agosto de 2001, la defensa los había solicitado mediante su moción de descubrimiento de prueba al amparo de la Regla 95 de Procedimiento Criminal. En *Pueblo v. Santa Cruz, supra*, el Tribunal Supremo ordenó la desestimación de la denuncia debido a que el ministerio fiscal, a quien le habían solicitado oportunamente ciertos documentos, los entregó a la defensa el último día hábil para satisfacer el término de juicio rápido. Resolvió nuestro más Alto Foro que la dilación resultante de tal acto era imputable al Ministerio Público y no al acusado y, por ende, a éste se le violó el derecho a juicio rápido.

Habida cuenta que al peticionario no se le había suministrado información relevante oportunamente solicitada -el Informe del Químico y las anotaciones de la policía-, la única alternativa viable era la suspensión de la vista. Agréguese que el Ministerio Público no justificó la incomparecencia del químico. Por tanto, el tribunal apelado erró cuando, posteriormente, en la resolución de la que se recurre, determinó que el término de sesenta (60) días había sido arrastrado a raíz de la incomparecencia de la defensa a la vista por haber estado participando de una huelga. Si bien es cierto que las primeras dos suspensiones del juicio son atribuibles a la defensa, no es menos cierto que el término de sesenta (60) días contado a partir del 12 de septiembre -que fue la última fecha en que la representación legal del peticionario no compareció al juicio-, expiraba el 12 de noviembre de 2001.

Ahora bien, ¿renunció el peticionario al término provisto en la Regla 64(n)(3), *supra*, por no haber objetado durante la vista del 31 de octubre de 2001, el señalamiento de una nueva vista fuera de dicho término? Aunque el derecho a juicio rápido es renunciable, la renuncia al mismo debe ser expresa, voluntaria y efectuada con

pleno conocimiento de causa. *Pueblo v. Rivera Arroyo, supra.* El acusado renuncia a su derecho a juicio rápido si no presenta objeción a un señalamiento de vista para una fecha posterior al vencimiento de los términos vigentes estatuidos en la Regla 64(n) de Procedimiento Criminal, *Pueblo v. Santi Ortiz,* 106 D.P.R. 67 (1987), o si no presenta moción de desestimación al señalamiento el día de la vista. *Pueblo v. Rivera Arroyo, supra.*

En *Pueblo v. Arcelay Galán, supra,* el acusado solicitó la desestimación del caso por razón de que se estaba violando su derecho a un juicio rápido, pero su pedido fue derrotado. A su vez, el tribunal de instancia señaló una fecha para la celebración de la vista para una fecha posterior al vencimiento del término de sesenta (60) días. No obstante, el acusado no objetó al señalamiento. El Tribunal resolvió que una moción de desestimación de una acusación o denuncia presentada por un acusado por violación al derecho a juicio rápido es suficiente para invocar el mismo, y no constituye una renuncia a tal derecho el que el acusado no objete el señalamiento efectuado posteriormente. Este mismo caso, además, revocó parcialmente el caso de *Pueblo v. Martínez Vega,* 98 D.P.R. 946 (1970), en el que se había resuelto, en lo pertinente, que aunque el acusado se opuso a la suspensión de la vista, no objetó el nuevo señalamiento ni hizo solicitud alguna para que se adelantara el mismo, por lo que había renunciado su derecho a la celebración de un juicio rápido. Por tanto, al revocar el caso, se estableció que el hecho de que el acusado no haya objetado un señalamiento fuera de término, no constituye necesariamente una renuncia al derecho a juicio rápido.

Aunque en el presente caso no se presentó una solicitud de desestimación previa al señalamiento, ni tampoco la defensa se opuso en corte abierta a la suspensión de la vista, como en los casos antes anotados, entendemos que la *"Moción Solicitando Transferencia de Vista"*, presentada el 2 de noviembre de 2001 por el peticionario, cumple con el mismo propósito que las circunstancias antes descritas. Es decir, que al solicitar la transferencia de la vista mediante moción, el peticionario suficiente y oportunamente reclamó el derecho a la celebración de un juicio rápido. La omisión del peticionario de no objetar el señalamiento inmediatamente aparenta ser, más bien, un desliz inconsecuente de su representación legal, quien, en aquel momento, no se percató de que se estaba violando el término provisto en la referida Regla 64(n)(3). Sin embargo, tan pronto se percató del error -sólo dos días después-, solicitó la transferencia de la vista para que se celebrara dentro del término.

Entendemos que este proceder refleja que el acusado quería hacer valer sus derechos y que, en realidad, no consintió a que se incumpliera con los términos de juicio rápido. Por otra parte, no puede adjudicársele al acusado el error de la Secretaría del tribunal de no haber unido la referida moción al expediente del caso, sino hasta el día de la vista, el 26 de noviembre. Todavía, el 26 de noviembre, el Tribunal *a quo* insistía en que la moción cuestionando el señalamiento *"no obra en autos"* y, a renglón seguido expresó: *"No ha lugar al planteamiento"*. Luego reiteró que *"Dicha moción todavía no se ha unido al expediente solicitando una transferencia de vista..."*, La referida moción está sellada por la secretaría el 2 de noviembre de 2001, a las 9:06 de la mañana. En fin, resolvemos que las circunstancias de este caso no demuestran que estamos ante una renuncia expresa y voluntaria de un derecho constitucional.

Más aún, el tribunal erró al resolver que el término de sesenta (60) días comenzó a correr nuevamente el 31 de octubre de 2001. Es decir, no vemos como el tribunal puede atribuirle a la defensa la suspensión de dicha vista cuando la propia minuta de las incidencias de ese día expresa que el análisis químico todavía no estaba listo para esa fecha, sin que el fiscal justificara esta anomalía, pues habían transcurrido meses desde que la evidencia fue ocupada. Como cuestión de hecho, el químico, una vez más, no compareció a la vista. El fiscal informó al Tribunal que el químico acudió a la Fiscalía y le indicó que el análisis químico no se había preparado.

Recuérdese que para el señalamiento del 17 de octubre, el químico no compareció. El Ministerio Público no realizó el menor esfuerzo para justificar esas demoras, ni el tribunal de instancia tomó las precauciones para proteger los derechos del acusado. *Pueblo en interés del menor E.L.G.,* 124 D.P.R. 819 (1989); Cf, *Pueblo en*

*interés del menor R.G.G.,* 123 D.P.R. 443 (1989). De los autos surge claramente que el Ministerio Público nunca contestó la moción del peticionario para que se señalada la vista dentro del término estatutario. En ninguna parte de las minutas se hace referencia a algún acto o requerimiento del peticionario que provocara la suspensión. La parte responsable por la misma fue el Ministerio Público, quien, por segunda ocasión, no había logrado la comparecencia de su testigo ni traer la mencionada prueba a la vista. No es necesario demostrar que las actuaciones del Ministerio Público fueron intencionales. Basta que los hechos procesales configurativos de la demora fueran injustificados. *Pueblo v. Santa Cruz,* ___ D.P.R. ___ (1999), **99 J.T.S. 149**.

Toda vez que las suspensiones de las vistas del 17 y el 31 de octubre no eran atribuibles a la defensa, el término de sesenta (60) días para la celebración del juicio comenzó a correr el 12 de septiembre de 2001 -la última suspensión atribuible a dicha parte-, y venció el 13 de noviembre de 2001. ■ Cf. *Pueblo v. Cartagena Fuentes, supra*. Es decir, que el señalamiento de vista para el 26 de noviembre excedió el término de la aludida Regla por trece (13) días.

A tenor con la doctrina anteriormente esbozada, el tribunal estaba obligado a exigir que el Ministerio Público probara justa causa para celebrar el juicio fuera del límite establecido en la citada Regla 64 (n) (3). Esta responsabilidad no se descarga con simples generalidades o conclusiones, viniendo obligado el Estado a poner al Tribunal de Primera Instancia en condiciones de pasar juicio sobre sus planteamientos con la debida pormenorización. *Pueblo en interés del menor R.G.G., supra*. De la minuta de la vista del 26 de noviembre surge patentemente que el fiscal no ofreció razón alguna para la demora y ni siquiera se dirigió al Tribunal.

Por otra parte, aunque ciertamente la defensa debió haber objetado el señalamiento, no podemos concluir que el peticionario renunció al derecho a un juicio rápido, especialmente cuando éste reiteró su interés en hacer valer el mismo mediante moción oportunamente presentada. Es decir, no existe el menor indicio de que la defensa guardara silencio a sabiendas de que el señalamiento realizado por el tribunal se extendía más allá del término prescrito por ley. El presente caso contrasta con el caso de *Pueblo v. Santi Ortiz, supra*, a la pág. 71, en el que el tribunal resolvió lo siguiente:

*"En el caso de autos, el acusado, debidamente representado por abogado, no objetó a tres señalamientos hechos con suficiente anterioridad, todos para fechas posteriores al vencimiento del plazo de 120 días. Su pasividad en tales circunstancias, es más que una renuncia tácita a ser juzgado en 120 días. Fue voluntaria y efectuada con pleno conocimiento de causa. No se violó, por tanto, su derecho a juicio rápido."*

En otras palabras, en aquel caso era lógico colegir que el acusado había renunciado al derecho a juicio rápido refugiándose en tres (3) ocasiones en el silencio a sabiendas del vencimiento del plazo como parte de una estratagema del abogado. No obstante, en el caso del título no estamos ante una serie de señalamientos fuera de término, ante los cuales la defensa mostró indiferencia, sino un único señalamiento de vista que, aunque no fue objetado inmediatamente en corte abierta, se objetó oportunamente dos (2) días después, y veinticuatro (24) días antes de la fecha señalada para el juicio.

Contrario a los hechos del caso *Pueblo v. Valdés Medina y otros, supra*, en que tres (3) de las suspensiones del juicio fueron atribuibles a la Administración de Corrección porque no llevaron a los acusados al tribunal, y la ausencia de abogados que representaran a los acusados, en el caso de autos las dilaciones fueron responsabilidad del Ministerio Público, quien no las justificó.

A la luz del análisis que antecede, resolvemos que no hubo justa causa para la celebración de la vistas del 17 y 31 de octubre de 2001.

## IV

Cuanto llevamos dicho nos conduce inevitablemente a la consideración del cuarto criterio que es menester

examinar ante una reclamación de violación al derecho a juicio rápido: el perjuicio resultante de la tardanza.

Del recuento del trámite procesal ante el Tribunal de Primera Instancia se desprende claramente que el 26 de noviembre habían transcurrido trece (13) días en exceso a los sesenta (60) que constituyen el límite estatutario. No olvidemos que el peticionario estaba privado de su libertad.

En *Pueblo v. Cartagena Fuentes*, ___ D.P.R. ___ (2000), **2000 J.T.S. 163**, nuestro más Alto Foro expresó lo siguiente:

*"No debe quedar duda del perjuicio resultante de hallarse encarcelado indebidamente, en detrimento de la presunción de inocencia, desligado de la vida familiar, a expensas de las calamidades del sistema carcelario, al efecto nocivo de que se vea perjudicada su defensa con el paso del tiempo y expuesto a la incertidumbre de la espera de una determinación. Indudablemente, se le ha violado al peticionario su derecho a juicio rápido."*

Palabras luminosas que suscribimos incondicionalmente.

## V

Por los fundamentos expresados, se expide el auto de *certiorari* solicitado, se revoca la resolución recurrida y, en su consecuencia, se desestiman las acusaciones presentadas en este caso.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2002 DTA 115

**1.** Toda vez que el 12 de noviembre de 2001 fue un día feriado, el término hubiese vencido, de acuerdo con su argumentación, el día 13 del mismo mes.

**2.** El 12 de noviembre de 2001 fue un día feriado, por lo que el término de sesenta (60) días venció el día 13 del mismo mes.