Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO  Recurrido  v.  MELVIN RODRÍGUEZ ZARAGOZA  Peticionario | TA2026CE00076 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez  Caso núm.: I3TR202500093  Por: Art. 7.02 Ley 22 |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de enero de 2026.

Actuó correctamente el Tribunal de Primera Instancia ("TPI") al denegar la desestimación de una denuncia por supuesta violación a los derechos del imputado a un juicio rápido. Ello porque, según se explica con mayor detalle a continuación, dicha garantía no se activó hasta que el imputado fue denunciado, con lo cual se puso en marcha el proceso penal en su contra. Contrario a lo plantado por el imputado, la garantía no se activó simplemente porque este fuese conducido a un cuartel de la Policía para administrarle una prueba de aliento.

I.

El 7 de agosto de 2025, contra el Sr. Melvin Rodríguez Zaragoza (el "Imputado"), se presentó una denuncia (la "Denuncia") por este haber conducido un vehículo de motor bajo los efectos de bebidas embriagantes (art. 7.02 de la Ley Núm. 22-2000, 9 LPRA sec. 5202) el día 7 de septiembre de 2024. El TPI determinó causa para arresto el mismo día en que se presentó la Denuncia.

El 15 de octubre, el Imputado presentó una moción de desestimación (la "Moción"). Invocó la Regla 64(n)(2) de las de

Procedimiento Criminal, 34 LPRA Ap. II, R. 64(n)(2), relacionada con el derecho a un juicio rápido. Aseveró que, el día de los hechos, él había sido "arrestado y transportado a la división de tránsito de San Germán". Arguyó que el Pueblo tenía la obligación de denunciarlo dentro del término de 60 días a partir de su "arresto" el día de los hechos. El Ministerio Público se opuso a la Moción.

Mediante una Resolución notificada el 14 de noviembre (la "Resolución"), el TPI denegó la Moción. Razonó que el derecho a juicio rápido se activa cuando el imputado está sujeto a responder ("held to answer"), y que ello no ocurrió en este caso hasta el 7 de agosto de 2025, cuando se presentó la Denuncia y el tribunal encontró causa probable para arresto.

El 1 de diciembre (lunes[1]), el Imputado solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante una Resolución notificada el 19 de diciembre.

El 20 de enero (martes[2]), el Imputado presentó el recurso de referencia. Arguye que, desde su "arresto" el día de los hechos, "se activan los derechos constitucionales …, como, por ejemplo, el derecho a juicio rápido", pues desde dicho momento estuvo "sujet[o] a responder por la comisión de un delito".

De conformidad con lo autorizado por la Regla 7(B)(5) de nuestro Reglamento, resolvemos sin trámite ulterior.

II.

Concluimos que, contrario a lo argumentado por el Imputado, su derecho a juicio rápido no se activó sino hasta que estuvo sujeto a responder ("held to answer"), lo cual, a su vez, no ocurrió hasta que se presentó la Denuncia. Veamos.

El derecho a juicio rápido, protegido por la Sexta Enmienda de la Constitución federal y por el Art. II, Sec. 11 la Constitución del

---

[1] Primer día laborable en el Poder Judicial luego del miércoles 26 de noviembre.
[2] Primer día laborable luego del 16 de enero.

E.L.A., "se activa desde el momento en que el imputado está sujeto a responder (held to answer)". *Pueblo v. Carrión*, 159 DPR 633, 640 (2003).  Ello ocurre cuando "se pone en movimiento el mecanismo procesal que **puede culminar en una convicción**, cuyo efecto legal es obligar a la persona imputada a responder por la comisión del delito que se le atribuye." *Carrión*, 159 DPR a la pág. 642.  Está claramente establecido que la condición de estar "'sujeto a responder' **supone la presentación de cargos por parte del Ministerio Público**; en otras palabras, que ya pueda hablarse de un proceso judicial que requiera la comparecencia del imputado." *Carrión*, 159 DPR a la pág. 642.  En fin, se requiere, para estar sujeto a responder, que "de alguna forma **se pon[ga] en movimiento el mecanismo procesal que ... expon[ga] [al imputado] a una convicción**". *Carrión*, 159 DPR a la pág. 640 (énfasis en original).

La misma norma ha sido adoptada bajo la Constitución federal. *United States v. Marion*, 404 U.S. 307, 313 (1971) ("Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an "accused").  El derecho a juicio rápido se activa solamente cuando ha comenzado el proceso penal. *Marion*, 404 U.S. a la pág. 313.

El "arresto" que activa el inicio de la acción penal es aquél que conlleva una determinación de causa probable para creer que el arrestado ha cometido un delito. *Marion*, 404 U.S. a la pág. 320.  En las palabras del Tribunal Supremo federal: "Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *Marion*, 404 U.S. a la pág. 320.

Así pues, para que se active este derecho, es necesario, ya bien una denuncia formal, o bien un arresto acompañado de un cargo

criminal. *Marion,* 404 U.S. a la pág. 320 ("it is either a formal indictment or information or else the actual restraints imposed by arrest **and** holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment"); *United States v. Lovasco,* 431 U.S. 783, 788-89 (1977).

A la luz de lo anterior, actuó correctamente el TPI al concluir que el Imputado no estuvo "sujeto a responder" sino hasta la fecha en que se presentó la Denuncia. Aunque el día de los hechos el Imputado fue privado de su libertad por un breve período, para trasladarlo a un cuartel y administrarle una prueba de aliento, como parte de la investigación rutinaria de este tipo de incidente, ello de forma alguna conllevó que se activara proceso penal alguno en su contra.

Adviértase que, para estar sujeto a responder, es necesario que, por orden judicial, se haya determinado causa probable para arresto. *Carrión,* 159 DPR a las págs. 642-43; *Pueblo v. García Colón I,* 182 DPR 129, 141 ("En otras palabras, **el derecho a juicio rápido se activa tan pronto 'un juez determina causa probable para arrestar, citar o detener a dicho ciudadano'**") (énfasis en original) (citando *Pueblo v. Rivera Santiago,* 176 DPR 559, 569-70 (2009)); *Pueblo v. Miró González,* 133 DPR 813, 821 (1993) (rechazando que derecho constitucional a juicio rápido se active con la citación del agente a comparecer a una vista de causa probable para arresto y resolviendo que el ciudadano "queda 'sujeto a responder' (*held to answer*) … en el momento en que un juez determina causa probable").

"Se dice que una persona … está "sujeta a responder" cuando está **obligada** a contestar una acusación o denuncia o está **expuesta** a ser convicta." *Miró González,* 133 DPR a la pág. 818 (énfasis en original). "En nuestro derecho procesal penal, el procedimiento

criminal se inicia con **la determinación por un magistrado de que existe causa probable para arrestar o citar a una persona para que responda ante los tribunales por la comisión de un delito**.” *Miró González*, 133 DPR a la pág. 819. “Es en este momento que formalmente podemos decir que la persona se encuentra 'acusada' … y, por lo tanto, 'obligada a contestar una acusación o denuncia o propensa a ser convicta'”. *Miró González*, 133 DPR a la pág. 820 (citas omitidas).

En otras palabras, “ante la ausencia de cargos formales” en contra del Imputado, “éste no tenía que responder a nada”. *Carrión*, 159 DPR a la pág. 644. El Imputado estaba en la “misma situación procesal que un individuo que sabe que lo están investigando, pero que aún no se le han sometido cargos formalmente.” *Carrión*, 159 DPR a la pág. 644. “Estar 'sujeto a responder'; significa encontrarse expuesto a ser convicto por unos cargos formalmente imputados, no meramente estar expuesto a ser arrestado, denunciado o citado.” *Carrión*, 159 DPR a la pág. 644.

Incluso, aun de considerarse que el Imputado estuvo brevemente sujeto a responder, porque fue “arrestado” brevemente para fines investigativos, concluiríamos que, al ser liberado prontamente, y al no presentarse denuncia contra él o ser conducido a un magistrado para determinación de causa para arresto, el Imputado dejó de estar sujeto a responder. Como se resolvió expresamente en *Carrión, supra,* una vez “cesa” un período en que la persona está sujeta a responder, el tiempo entre dicho momento y el posible re-inicio del trámite penal no es pertinente a los fines del derecho a juicio rápido. Véase, *Carrión, supra* (resolviendo que el acusado no estuvo “sujeto a responder” durante el periodo, luego de que se desestimara una denuncia inicial por violación a los términos de juicio rápido, y anterior a que se re-sometieran los cargos). Es decir, si alguna vez el Imputado estuvo sujeto a responder, esta

condición "cambió" con su liberación luego de estar "arrestado" por unas horas, y los términos de juicio rápido no se activaron nuevamente hasta la presentación de la Denuncia. *Carrión,* 159 DPR a la pág. 643 ("Dicha condición ["held to answer"] ... cambió con la desestimación de la denuncia.").

Ante todo lo anterior, concluimos que cualquier análisis de juicio rápido aquí tendría que partir exclusivamente del momento en que se presentó la Denuncia.  Como el planteamiento del Imputado descansa en que éste estuvo sujeto a responder desde el día de los hechos imputados, el mismo fue correctamente rechazado por el TPI.

III.

Por los fundamentos antes expuestos, se expide el auto de *certiorari* solicitado, se confirma la Resolución recurrida y se devuelve el caso para la continuación de los procedimientos de forma compatible con lo aquí dispuesto.  Al amparo de la Regla 211 de Procedimiento Criminal,[3] Regla 211 de Procedimiento Criminal, 34 LPRA Ap. II, R.211, dejamos sin efecto la suspensión de los procedimientos, por lo que **el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato**.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] La Regla 211 de Procedimiento Criminal, 34 LPRA Ap. II,R. 211, dispone:
En situaciones no previstas por la ley, estas reglas o las reglas que apruebe el Tribunal Supremo, tanto éste como el Tribunal de Circuito de Apelaciones, encauzarán el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes. Queda reservada la facultad del Tribunal Supremo y del Tribunal de Circuito de Apelaciones para prescindir de términos, escritos o **procedimientos específicos** en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.
Véase también: *Pueblo v. Tribunal de Distrito,* 97 DPR 241 (1969); *Perez v. Corte,* 50 DPR 540 (1936).